# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TUNSTALL, | 1:05-cv-0805-OWW-WMW (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| K. MENDOZA-POWERS, et. al., | (Doc. 9) |
| Defendants. | |

**I.    SCREENING ORDER**

Robert Tunstall ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on June 13, 2005 in the Sacramento Division of this Court. The case was transferred to the Fresno Division on June 20, 2005. On July 11, 2005, Plaintiff filed his first amended complaint, which is before the Court at this time.

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.     Summary of Plaintiff's First Amended Complaint**

Plaintiff is a state prisoner, currently housed at California Medical Facility ("CMF") in Vacaville, California. The acts he complains of allegedly occurred while he was housed at Avenal State Prison ("ASP"), and CMF. Plaintiff names twenty-three (23) defendants in his thirty (30) page typewritten complaint.

Plaintiff's first amended complaint is convoluted and, at best, extremely difficult to follow. It should be noted that the manner in which Plaintiff has organized his first amended complaint makes it nearly impossible to ascertain which actions, or inactions, by which defendants, are intended to support which of Plaintiff's alleged constitutional violations. Plaintiff's first amended complaint presents: an incomplete delineation of parties (which includes some disjointed factual excerpts); a factual statement (which is not in chronological order and is replete with incomplete, nonsensical sentences); delineates five causes of action (without specifying which defendant(s) the allegations are posed against, or their factual basis); and thereafter states his requested monetary relief. As best as the Court is able to decipher, Plaintiff alleges that various of the defendants failed to provide for his safety/protection, were deliberately

indifferent to his serious medical needs, conspired against him, subjected him to cruel and unusual punishment, failed to provide procedural due process for his inmate grievances, and violated state law.

### C.   Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Plaintiff's first amended complaint violates Fed. R. Civ. Pro. 8(a) in that it fails to provide a short and plain statement of his claim(s).

#### 2. *Federal Rule of Civil Procedure 18*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to

relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's first amended complaint is voluminous and includes multiple unrelated claims against differing defendants – possibly even at different facilities. While it appears that Plaintiff may be able to state at least one cognizable claim, he clearly violates Rule 18(a) by including multiple unrelated claims in this single filing. Plaintiff will be given opportunity to file a second amended complaint under this case number, wherein he is directed to plead/allege only related claims. All unrelated claims should be brought in separate suits. Plaintiff is advised that if he chooses to file a second amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

4

in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff fails to individually link any of the defendants with his specific causes of action. Plaintiff is advised that general terms such as "defendants" is not specific enough to link a defendant to a cause of action. Plaintiff must delineate what action (or inaction) by each defendant(s) he feels violated which of his constitutional rights. Further, Plaintiff fails to even mention the following defendants in any of his factual allegations: CHSAII N. Early; Inmate Appeals Coordinator B.J. Brown; CMO Dr. R.L. Andreasen; Chief Deputy Clinical Services Nadim K. Khoury; MTA Donahue; CMO Joseph A. Bick; Sr. MTA J. Irving; and CMO Dr. N. Baron.

**D.     Claims for Relief**

Due to the length and convoluted nature of Plaintiff's first amended complaint, Plaintiff's individual factual allegations/scenarios will not be restated herein. Rather, the Court provides the following legal standards which may be applicable based on inferences the Court is able to glean from Plaintiff's allegations. It is Plaintiff's duty to state his claims for relief and their factual basis against each defendant. The Court will not guess as to which facts may or may not correlate to which constitutional violations Plaintiff might intend to allege in this case.

**1.** *Cruel & Unusual Punishment*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with

5

"deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

"[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks and citations omitted).

Temporarily unconstitutional conditions of confinement do not rise to the level of constitutional violations. See Anderson v. County of Kern 45 F.3d 1310 (9th Cir. 1995) and

1  Hoptowit v. Ray 682 F.2d 1237 (9th Cir. 1982).

## 2. *Deliberate Indifference to Serious Medical Needs*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

7

Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### 3. *Procedural Due Process & Inmate Grievances*

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a

1  guard who rejects an administrative complaint about a completed act of misconduct does not."
2  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645,
3  656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters,
4  97 F.3d 987, 992-93 (7th Cir.1996).

### 4. *Conspiracy*

#### a. 42 U.S.C. 1983

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

#### b. 42 U.S.C. 1985

Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the

9

conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

The second clause of section 1985(2) proscribes conspiracies for the purpose of impeding the due course of justice in any state, with the intent to deny equal protection of the laws, and section 1985(3) proscribes conspiracies to deny equal protection of the law or equal privileges and immunities.[1] Coverdell v. Dep't. of Soc. and Health Svcs., State of Washington, 834 F.2d 758, 767 (9th Cir. 1987). An allegation of racial or class-based discrimination is required to state a claim for relief under either the second clause of section 1985(2) or section 1985(3). Bretz v. Kelman, 773 F.2d 1026, 1028-1030 (9th Cir. 1985).

### c. 42 U.S.C. 1986

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994). Plaintiff may not pursue a claim for relief under 42 U.S.C. § 1986 unless he has first stated a claim for relief under section 1985. McCalden v. California Library Assoc., 955 F.2d 1214, 1223 (9th Cir. 1992).

### 5. *Failure to Provide Protection/Safety*

"Prison officials have a duty to take reasonable steps to protect inmates from physical

---

[1] "The first clause of 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith" Bretz v. Kelman, 773 F.2d 1026, 1028 n.3 (9th Cir. 1985) and is not applicable.

abuse." Hoptowit v. Ray 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also Farmer v. Brennan 511 U.S. 825, 833 (1994).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prison must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).

The Eighth Amendment requires that inmates be furnished with the basic human needs, one of which is "reasonable safety." It is "cruel and unusual punishment to hold convicted criminals in unsafe conditions." It would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them. The Courts of Appeals have plainly recognized that a remedy for unsafe conditions need not await a tragic event. Two of them were cited with approval in Rhodes v. Chapman, 452 U.S. 337, 352, n. 17 (1981). Gates v. Collier, 501 F.2d 1291 (CA5 1974), held that inmates were entitled to relief under the Eighth Amendment when they proved threats to personal safety from exposed electrical wiring, deficient firefighting measures, and the mingling of inmates with serious contagious diseases with other prison inmates. Ramos v. Lamm, 639 F.2d 559, 572 (CA10 1980), stated that a prisoner need not wait until he is actually assaulted before obtaining relief. Helling v. McKinney 509 U.S. 25, 33-34 (1993) (citations omitted).

### 6. *Supervisorial Liability*

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim

11

for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

### 7. *State Law Claim*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Because Plaintiff may be able to state a claims for relief under section 1983, the Court reserves discretion to exercise supplemental jurisdiction over and to address Plaintiff's state law claims after Plaintiff files his second amended complaint so as to allow him opportunity to state cognizable claims for relief under section 1983.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's first amended complaint is dismissed, with leave to file a second amended complaint within thirty days. If Plaintiff needs an extension of

1  time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later
2  than thirty days from the date of service of this order.
3      Plaintiff must demonstrate in his second amended complaint how the conditions
4  complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v.
5  Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each
6  named defendant is involved. There can be no liability under section 1983 unless there is some
7  affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo
8  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
9  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
10     Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to
11 relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as
12 independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has
13 against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A
14 against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated
15 claims against different defendants belong in different suits, not only to prevent the sort of
16 morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners
17 pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of
18 frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28
19 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).
20     Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Rule 8,
21 Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties'
22 evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.)
23 should not be submitted until the course of litigation brings the evidence into question (for
24 example, on a motion for summary judgment, at trial, or when requested by the court). At this
25 point, the submission of evidence is premature as Plaintiff is only required to state a prima facie
26 claim for relief. Thus, in amending his complaint, Plaintiff should simply state the facts upon
27 which he alleges a defendant has violated his constitutional rights and refrain from submitting
28 exhibits.

1    Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:   July 16, 2008**                        /s/  **William M. Wunderlich**
                                             UNITED STATES MAGISTRATE JUDGE